IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:18-CV-217-RJC-DCK

| | |
|---|---|
| GENE SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| OCWEN LOAN SERVICE, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant Ocwen Loan Servicing, LLC's Motion To Dismiss" (Document No. 9). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be granted.

## I. BACKGROUND

Plaintiff Gene Smith ("Plaintiff" or "Smith"), appearing *pro se*, initiated this action with the filing of a form "Complaint" (Document No. 1) against Ocwen Loan Service, LLC on June 7, 2018. The Complaint declines to assert any basis for jurisdiction, leaving the form's spaces under "Jurisdiction" completely blank. (Document No. 1, p. 1). Regarding the sections "Nature Of Case" and "Cause Of Action," Plaintiff offers little more – simply writing "harassing," and "Yes" that he alleges his constitutional rights, privileges, or immunities have been violated - without any further explanation or supporting facts. (Document No. 1, pp. 2-3). Plaintiff appears to allege that Defendant's actions have injured him by leading to hospitalization "For My Heart & Stress." (Document No. 1, p. 3). Plaintiff further indicates that he "Will File Criminal Charges." Id.

Attached to the Complaint is a letter dated July 5, 2017, addressed to "CFPB Consumer Financial." (Document No. 1, p. 5). The letter appears to be a complaint to the addressee seeking assistance with Ocwen Loan Company, who the letter alleges has been "harassing" and has filed multiple foreclosure proceedings. Id. Also attached is a document captioned "Frequently asked questions about the Ocwen settlement" that appears to have been issued by "Consumer Financial Protection Bureau" ("CFPB"). (Document No. 1, p. 6).

On May 31, 2018, Defendant filed the pending "…Motion To Dismiss" (Document No. 9). Defendant asserts that dismissal is appropriate based on the Court's lack of subject matter jurisdiction and Plaintiff's failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(1) and (6). (Document No. 9).

The Court issued a "Roseboro Notice" on June 1, 2018, informing *pro se* Plaintiff of his right to respond to the pending motion and advising him that failure to file a timely and persuasive response would likely lead to dismissal of this action. See (Document No. 10).

Plaintiff's "Response" (Document No. 11) was timely filed on June 5, 2018. The one-page, hand-delivered "Response" simply states: "I, Gene Smith, the Plaintiff am asking the court to not dismiss this case." (Document No. 11). Defendant's "…Notice Of Intent Not To File Reply…" (Document No. 12) pursuant to Local Rule 7.1(e) was filed on June 7, 2018.

Based on the foregoing, the pending motion to dismiss is ripe for review and a recommendation to the Honorable Robert J. Conrad, Jr.

## II. STANDARD OF REVIEW

Plaintiff has the burden of proving that subject matter jurisdiction exists. See Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The existence of subject matter jurisdiction is a threshold issue the court must address before

considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). When a defendant challenges subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, 945 F.2d at 768. The district court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. See also, Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also, Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The Supreme Court has also opined that

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the ... claim is and the

3

> grounds upon which it rests.'" In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint.

Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56).

"Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The court "should view the complaint in the light most favorable to the plaintiff." Mylan Labs, Inc. v. Matkar, 7 F.3d 1130, 1134 (4th Cir. 1993).

### III. DISCUSSION

Defendant Ocwen Loan Servicing, LLC ("Ocwen") notes in its "… Memorandum In Support Of Motion To Dismiss" (Document No. 9-2) that it was incorrectly named in the Complaint. Defendant Ocwen further notes that Plaintiff entered into a mortgage loan by executing a promissory note (the "Note") and Deed of Trust in favor of New Century Mortgage Corporation, which it has attached to its motion. (Document No. 9-2, pp. 1-2) (citing Document No. 9-1). The Deed of Trust relates to property at 12238 Wallace Ridge Drive, Charlotte, North Carolina 28269 (the "Property"). Id. At some unspecified time, Ocwen began servicing Plaintiff's mortgage loan. (Document No. 9-2, p. 2).

Defendant first argues that Plaintiff has failed to raise any direct claim under federal law, and at most, possibly suggests a state law claim for breach of contract. (Document No. 9-2, pp. 4-5). Defendant argues, however, that "Plaintiff provides no factual information to demonstrate how a question of federal law is implicated by a potential breach of contract claim." (Document No. 9-2, p. 5) (citing Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314

4

(2005) (holding that the state law claim must necessarily raise a federal issue which is actually disputed and substantial to invoke federal question jurisdiction).

Next, Defendant argues that Plaintiff completely fails to allege any facts to invoke the Court's diversity jurisdiction.  Id.  He fails to reference any amount of potential damages in the Complaint, although his "Summons In A Civil Action" suggests he seeks "$20,000,000 ($20 Million)."  (Document No. 1-1, p. 1).  Defendant also notes that the Complaint fails to allege any citizenship of either himself or Ocwen.  (Document No. 9-2, p. 6).

Based on the foregoing, Defendant makes a compelling argument that this matter should be dismissed pursuant to Fed.R.Civ.P. 12(b)(1).  However, Defendant also asserts that this matter can be dismissed for failure to state a claim for relief.  (Document No. 9-2, pp. 6-7).

Most specifically, Defendant notes that Plaintiff fails to reference any claim for relief, and thus, Defendant is left to speculate on any potential intended claims.  (Document No. 9-2, p. 6). Even if Plaintiff intended to assert a breach of contract claim, Defendant argues that he has failed to plead the required elements to support such a claim.  Id.  Additionally, Defendant argues that Plaintiff's failure to adequately plead any claim showing he is entitled to relief runs afoul of Fed.R.Civ.P. 8(a)(2).  (Document No. 9-2, p. 7).  The Complaint fails to provide "a short and plain statement of the claim showing the pleader is entitled to relief."  (Document No. 9-2, p. 8) (quoting Fed.R.Civ.P. 8(a)(2).

As noted above, even after being advised he should file a timely and *persuasive* response, Plaintiff only provided a one sentence "Response" requesting that the Court not dismiss this case. See (Document Nos. 10 and 11).  The "Response" declines to address any of Defendant's arguments or authority and fails to provide any additional information to support the Complaint.

(Document No. 11). Plaintiff has not requested additional time to file a more fulsome response. (Document No. 11).

Based on Defendant's persuasive arguments and cited authority, the undersigned will recommend that the motion to dismiss be <u>granted</u>. The Complaint fails to provide any factual content to support a plausible claim. Moreover, it fails to "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" <u>Erickson v. Pardus</u>, 551 U.S. 89, 93-94 (2007) (quoting <u>Twombly</u>, 550 U.S. at 555-56). The undersigned finds that dismissal is proper under Fed.R.Civ.P. 12(b)(1) or (6).

## IV.  RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant Ocwen Loan Servicing, LLC's Motion To Dismiss" (Document No. 9) be **GRANTED**.

## V.  TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. <u>Diamond v. Colonial Life</u>, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. <u>Diamond</u>, 416 F.3d at 316; <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Snyder v. Ridenhour</u>, 889

F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

    **IT IS SO RECOMMENDED**.

Signed: November 2, 2018

*David C. Keesler*
David C. Keesler
United States Magistrate Judge